No. 49

No. 18253. STARR PIANO CO. v. SAM WOLDMAN

Motion for Order, Filed Dec. 15, 1923, 2 Abs. 3

297. CONTRACTS.

For Syllabus in this Case, see 1 Abs. 49

This case, in another phase, was mandamus proceedings brought ex rel the defendant, Woldman, against Wm. Beebe, Judge, wherein this court issued an order requiring Judge Beebe to credit the Bill of Exceptions, 106 OS. 75.

The facts are, that Woldman brought an action in the Cleveland Municipal Court against the Starr Piano Co. to recover $2248 with interest, upon pianos resold by him under a certain consignment contract. Plaintiff's Statement of Defense was based solely upon contract. To this the defendant filed its Statement of Defense and Counter-claim, admitting the existence and terms of said contract but denying that any moneys were due thereunder and averring that plaintiff was indebted to it in the sum of $671.

The trial below resulted in a judgment for plaintiff.

The questions at issue in this case are matters of fact and no legal proposition was decided upon the Court below and we do not feel called upon to recite further the facts in the case.

No. 50

No. 18269. HARRY LEE WORTMAN v. STATE OF OHIO

456. EMBEZZLEMENT, by a Lodge Officer.

Wortman was indicted and tried under 12467 GC. for embezzling and converting to his own use the funds of the Order of Eagles of Wellston, Ohio, to the amount of $4,839.59.

The indictment as drawn contained no continuando; also failed to aver that the embezzlement charged occurred during the same continuous employment, or term of office.

In the trial Wortman introduced no evidence. The evidence given by the state tended to prove that from Dec. 1, 1919, to April 3, 1922, he was Secretary of the order; that he first became Secretary by appointment, and continued by successive elections, once on May 3, 1920, and then on May 16, 1921. That as such officer he was authorized to receive money which he was required by the laws of the order to turn over to the Treasurer at the close of each meeting, or the succeeding day, which he did in part only. Workman was removed as Secretary April 3, 1922. The auditor discovered the shortage, and demanded restitution, but no prior demand had been made.

The contention of Wortman is that under the indictment and evidence each failure to pay over the money was a separate offense, and upon the proof the state should have been required to elect upon which it relied, and the jury should have been thus restricted in its finding. Motions were made for charges to the jury raising these defects, and a direct verdict, and a discharge of the accused was asked. An endeavor made to have the jury confine its finding to some one particular act of embezzlement.

All of the motions and requests were overruled by the trial court, and were excepted to. The court gave a general charge, to which general and specific objections and exceptions were made, directed at the refusal of the court to charge as requested by the defense The jury gave a verdict of guilty. A motion for a new trial and arrest of judgment were made and overruled. A petition in error was filed in the Court of Appeals and the judgment of the Common Pleas affirmed. Then a proceedings in error was brought in the Supreme Court, seeking to reverse both judgments.

Attorneys — Frank DeLay, Jackson, for Wortman; J. E. Foster, Pros., and Willis & Jones, Jackson, for State.